IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00540-WYD-BNB

COLLEGE PHARMACY, INC.,

Plaintiff(s),

v.

JOHN N. RUTH;
KEVIN J. HENRY;
DANIEL DAILEY; and
DOES I THROUGH X,

Defendant(s).

---

**ORDER**

---

I. INTRODUCTION AND BACKGROUND

THIS MATTER is before the Court on Plaintiff College Pharmacy, Inc.'s ("CP") Motion to Reconsider July 11, 2006 Order Staying Action Against Defendant Daniel Dailey ("motion for reconsideration") filed on August 11, 2006 (docket #36). This action was commenced on March 24, 2006. Defendant Dailey filed a Suggestion of Bankruptcy on July 7, 2007, informing this Court that he had filed a Petition for Bankruptcy pursuant to Chapter 7 of the United States Code in the United States Bankruptcy Court for the Southern District of Florida in case number 05-90029-PGH. On July 11, 2006, I issued an order staying the case as to Defendant Dailey under the provisions of 11 U.S.C. § 362(a). On August 1, 2006 Defendant Daily informed the Court that his motion to covert his Chapter 7 case to a Chapter 11 reorganization was

granted by the Florida Bankruptcy Court.

CP requests that I reconsider the July 11, 2006, and asserts that its claims against Defendant Daily in this case are post-petition claims that could not have been commenced against him before his petition for bankruptcy was filed. For the following reasons, I **GRANT** CP's motion and lift the stay entered July 11, 2006.

This case involves allegations that Defendant Dailey and Defendant MetraGen tortiously interfered with a contract between CP and Defendants Ruth and Henry regarding disclosure of trade secret information. The Amended Complaint alleges that "Dailey and MetraGen, with malice and improper purpose, employed Ruth and Henry in violation of their covenants with full intent to have Ruth and Henry breach their Agreements with College Pharmacy." Am. Comp. at ¶¶ 47-51. According to the motion for reconsideration, Defendant Dailey filed his petition for bankruptcy on October 14, 2005, and the actions CP complains of in this case took place no earlier than December 2005, two months after Daily filed his petition. In addition, Defendant Dailey's bankruptcy schedules do not list CP as a pre-petition creditor, and CP did not file a claim against Dailey until March 24, 2006, five months after Dailey filed for bankruptcy. Based on these facts, CP asserts that the provisions of 11 U.S.C. § 362(a) are not applicable. In response, Defendant Daily contends that § 362(a) is applicable, and that CP must seek to have the stay lifted in the United States Bankruptcy Court for the Southern District of Florida.

II. ANALYSIS

I agree with CP that the automatic stay provision set forth in 11 U.S.C. § 362(a)

does not extend to CP's claims against Defendant Dailey in this case. 11 U.S.C. § 362(a) provides in pertinent part that "...a petition filed under section 301...of this title,...operates as a stay applicable to all entities, of (1) the commencement or continuation...of a judicial, administrative, or other action proceeding against the debtor that *was or could have been commenced before the commencement of the case under this title*, or to recover a claim against the debtor that *arose before the commencement of the case* under this title;...[or] (6) any act to collect, assess, or recover a claim against the debtor *that arose before the commencement of the case under this title*;..." (emphasis added). However, § 362(a) "stays only those proceedings which were commenced or could have been commenced prepetition and proceedings on claims which *arose* prepetition." *In re Grynberg*, 113 B.R. 709, 711 (Bankr. D.Colo.); *see also Matter of M. Frenville Co., Inc.*, 744 F.2d 332, 334-35 (3d Cir. 1984). "The automatic stay has no effect whatsoever upon claims which arose after the petition was filed." *In re Grynberg*, 113 B.R. at 712. Moreover, a debtor's post-petition earnings are not property of his bankruptcy estate. *See* 11 U.S.C. § 541(a)(1) (stating that the bankruptcy estate is comprised of all "legal or equitable interests of the debtor in property as of *the commencement* of the case").[1]

Here, the undisputed facts set forth in CP's motion for reconsideration establish that the actions CP complains of in this case occurred several months after he filed for

[1] 11 U.S.C. § 1115(a)(2), which makes post-petition earnings property of the estate, is not applicable in this case. Section 1115 was enacted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 and applies only to bankruptcies filed on or after October 17, 2005. As noted above, Defendant Dailey filed his bankruptcy on October 14, 2005.

bankruptcy, and that CP did not file its case against Defendant Dailey until a full five months *after* he filed for bankruptcy. In its reply in support of the motion for reconsideration, CP states that it is "not seeking to obtain possession or exercise control over property of Mr. Dailey's bankruptcy estate," and instead "seeks to enjoin Mr. Dailey from using College Pharmacy's trade secrets and for money damages based on Mr. Dailey's post-petition misconduct." CP states that any monetary judgment entered against Dailey "will be satisfied out of his post-petition earnings." Accordingly, I find that the provisions of 11 U.S.C. § 362(a) do not stay CP's claims against Defendant Dailey in this case.

I also reject Defendant Dailey's assertion that the motion for reconsideration should have been filed in the Florida Bankruptcy Court. The motion for reconsideration is not a motion for relief from the automatic stay, rather it seeks reconsideration of this Court's Order finding that the provisions of § 362(a) were applicable in the first instance. Therefore, it is appropriate for this Court to consider Plaintiff's request.

III. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiff College Pharmacy, Inc.'s ("CP") Motion to Reconsider July 11, 2006 Order Staying Action Against Defendant Daniel Dailey ("motion for reconsideration") filed on August 11, 2006 (docket #36) is **GRANTED**. It is

FURTHER ORDERED that the stay entered against Defendant Dailey on July 11, 2006, is **LIFTED**. It is

FURTHER ORDERED that Defendant Dailey shall have fifteen (15) days from

the date of the this Order to file a Reply in support of his Motion to Dismiss for Lack of Personal Jurisdiction (docket #27).

Dated: December 11, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge