IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00540-WYD-BNB

COLLEGE PHARMACY, INC.,

    Plaintiff(s),

v.

JOHN N. RUTH;
KEVIN J. HENRY;
DANIEL DAILEY; and
DOES I THROUGH X,

    Defendant(s).

## ORDER

I.    INTRODUCTION

THIS MATTER is before the Court on Defendant Kevin J. Henry's Motion to Dismiss, filed April 17, 2006 (docket #7) and Defendant John N. Ruth's Motion to Dismiss, filed April 17, 2006 (docket #8) (collectively, the "motions").  Defendants move to dismiss all of the allegations asserted against them in the Complaint filed March 24, 2006.[1]  The Complaint asserts claims against Defendants Ruth and Henry for violation of the Computer Fraud and Abuse Act, theft of trade secrets, breach of a non-compete contract, and breach of fiduciary duty, and requests injunctive relief, compensatory and punitive damages, and attorney's fees.

The motions were converted to motions for summary judgment by Orders

---

[1] An Amended Complaint was filed on September 25, 2006, which added Metragen Pharmaceuticals, Inc. as a Defendant in this case.

entered May 15, 2006. The parties were given notice of this conversion and an opportunity to submit additional materials for the Court to consider in connection with the motions. Plaintiff College Pharmacy ("CP") submitted a Supplemental Response to the motions as well as supplemental materials including the Affidavit of its Operations Manager, Rachel Christopher, and several exhibits. Defendants Ruth and Henry submitted supplemental "Declarations" in support of their motions, but did not file replies.

## II.   FACTUAL BACKGROUND

According to the Complaint, Defendant Ruth was employed by CP for approximately two years, beginning in May of 2004 and ending in March 2006. Defendant Henry was employed by CP from approximately September 2, 2003 through March 13, 2006. Complaint at ¶ 9. By virtue of their employment, Ruth and Henry have conducted business both nationally and internationally, and executed binding contracts and obligations in Colorado. *Id.* at ¶ 10. During their employment, Ruth and Henry had access to CP's trade secrets, such as scientific, technical, confidential business and financial information. *Id.* at ¶ 23. Both Ruth and Henry signed a non-compete contract ("the Agreement") with CP stating that they "would not engage in any business activity directly related to the business in which College Pharmacy is involved and that [they] would not [engage] in any other activities that conflict with [their] obligations to College Pharmacy." *Id.* at ¶ 33. The Agreement also provided that Ruth and Henry would "not to disclose any confidential information of College Pharmacy disclosed to [them] during their employ by College Pharmacy." *Id.* at ¶ 36.

CP contends that in 2004, during the time of their employment by CP, Ruth and Henry created a company called Sierra Distributors, LLC ("Sierra") and prepared a business plan for the company. *Id.* at ¶¶ 11-12, 35. The Complaint alleges that after creating Sierra, Ruth and Henry disseminated protected information obtained during their employment with CP to Sierra in violation of the Agreement. *Id.* at ¶¶ 18-24. CP seeks enforcement of the provisions of the Agreement and to enjoin Ruth and Henry from breaching the confidentiality and trade secret provisions of the Agreement.

III.   ANALYSIS

1.   Standard of Review

As stated previously, the motions were converted to motions for summary judgment by Order dated May 15, 2006. Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

When determining whether summary judgment is proper, I must "'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Id.* (quotation omitted). "[T]he non-movant must establish, at the minimum, 'an inference of the existence of each essential

element of the claims.'" *Croy v. Cobe Laboratories, Inc.*, 345 F.3d 1199, 1201 (10th Cir. 2003) (quoting *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994)).

   2.   Whether the Motions Should Be Granted

      A.   Computer Fraud and Abuse Act Claim

I first address Defendants' argument that CP has failed to state a claim for violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030. In order to state a claim for violation of the CFAA, the plaintiff must demonstrate that a person has (i) knowingly and with intent to defraud, (ii) accessed a protected computer, (iii) without authorization, and as a result (iv) has furthered the intended fraudulent conduct and obtained anything of value. *Pacific Aerospace & Electronics, Inc. v. Taylor*, 295 F. Supp.2d 1188, 1195 (E.D. Wash. 2003); 18 U.S.C. § 1030(a). Defendants assert that CP has failed to allege that Defendants accessed a "protected" computer within the meaning of the CFAA. The term "protected computer" is defined by the CFAA as a computer "used in interstate or foreign commerce or communication." 18 U.S.C. § 1030(e)(2). The Complaint alleges that Defendants disseminated the information they obtained from their unauthorized access of CP's computer systems to third parties, "both nationally and internationally." Complaint at ¶ 18. Based on these allegations, I find that CP has sufficiently alleged that the computer at issue was "used in interstate or foreign commerce or communication."

I also reject Defendant Henry's contention that CP's claim under the CFAA is time-barred if the purported violation occurred prior to the date of commencing this action, or before March 24, 2004. Pursuant to 18 U.S.C. § 1030(g), the CFAA has a

two-year statute of limitations. The Complaint in this case was filed on March 24, 2006. In response to Defendant Henry's motion, CP submitted the Affidavit of Rachel Christopher, who states that Defendant Henry resigned March 13, 2006, and that it was not until after his resignation that she discovered various documents on Defendant Henry's computer giving rise to CP's CFAA claim. Construing these facts in favor of CP, the non-moving party, I conclude that genuine issues of material fact exist which preclude dismissal of CP's CFAA claim based on Defendant Henry's statute of limitations argument.

### B.     Theft of Trade Secrets Claim

I next address Defendants' contention that CP failed to state a claim for Theft of Trade Secrets, pursuant to C.R.S. § 18-4-408. Section 18-4-408(1) states that:

> Any person who, with the intent to deprive or withhold from
> the owner thereof the control of a trade secret, or with an
> intent to appropriate a trade secret to his own use or to the
> use of another, steals or discloses to an unauthorized
> person a trade secret, or, without authority, makes or causes
> to be made a copy of an article representing a trade secret,
> commits theft of a trade secret.

Section 18-4-408(2)(d) further provides that to be a trade secret, the "owner thereof must have taken measures to prevent the secret from becoming available to persons other than those selected by the owner to have access thereto for limited purposes." Defendants contend that CP has failed to state what, if any, measures it took to prevent access to its trade secrets. However, CP alleges that Defendants "had access to the trade secrets of College Pharmacy," and that they were "prohibited from disclosing College Pharmacy's trade secrets to . . . unauthorized persons." Complaint at ¶¶ 23,

25. Furthermore, in the Complaint, CP makes reference to, and attaches as an exhibit, the Agreement entitled "Trade Secret and Confidential Information Agreement." *Id.*, Ex. A. This Agreement tracks the language of § 18-4-408(2)(d). Thus, CP has produced evidence it CP took measures to prevent its trade secret information from becoming available to third parties. I find that there are genuine issues of material fact that prevent entry of summary judgment on CP's theft of trade secrets claim.

        C.      Breach of Non-Compete Contract Claim

Defendants next assert that CP has failed to state a claim for Breach of Non-Compete Contract, pursuant to C.R.S. § 8-2-113. Under Colorado law, noncompetition agreements must fall into one of the statutory exceptions set forth in C.R.S. § 8-2-113(2) and meet the common law rule of reasonableness. *American Exp. Financial Advisors, Inc. v. Topel*, 38 F. Supp.2d 1233, 1238 (D. Colo. 1999). Defendants argue that CP's Non-Compete Agreement is unenforceable and not reasonable because it does not contain a limitation on either duration or scope of the agreement. Specifically, Defendants complain that Section 1(a) of the Agreement states that Defendants agree "at all times during the term of [their] employment and thereafter" not to disclose to "any person, firm or corporation" any of CP's confidential information.

I find that the Agreement falls into the statutory exception set forth in § 8-2-1113(2)(b) which states:

> (2) Any covenant not to compete which restricts the right of any person to receive compensation for performance of skilled or unskilled labor for any employer shall be void, but this subsection (2) shall not apply to:
>
> (b) Any contract for the protection of trade secrets.

As to Defendants argument that the Agreement is a universal restraint upon Defendants and void as against public policy, I note that under Colorado law, "[a]ny non-competition agreement must be reasonable as to both duration and scope." *Nutting v. RAM Southwest, Inc.*, 106 F. Supp.2d 1121, 1126 (D. Colo. 2000). "There is no general rule regarding what is "reasonable" in such contracts. Rather each case must be examined on its own facts." *Nutting*, 106 F. Supp.2d at 1127.

Here, CP contends that its claims are based wholly upon actions taken by Defendants while they were employed by CP. In addition, while the Agreement prevents Defendants from using or disclosing CP's trade secrets it does not prevent Defendants from working for one of CP's competitors so long as they do not reveal CP's trade secrets to their new employer. According to CP, the only terms in the Agreement that are not limited in duration or scope are those related to revealing trade secrets. I find that the Agreement at issue is reasonable and not void under Colorado law, and I find that genuine issues of material fact remain regarding whether Defendants breached the Agreement.

      D.     Breach of Fiduciary Duty Claim

I next examine Defendants' contention that CP failed to state a claim for Breach of Fiduciary Duty. Defendants seek dismissal of this claim based on CP's failure to allege that it incurred damages as a result of the breach. I find no merit to this argument. CP has alleged that Defendants, while employed by CP, created a limited liability company using CP's secret information in order to compete with CP, and engaged with third parties in efforts to solicit business from CP's customers. In their

prayer for relief, CP seeks an award of damages for losses attributable to Defendants' alleged conduct. CP has stated a claim for breach of the fiduciary duty of loyalty.

To the extent Defendants argue that this claim should be dismissed because they were not connected with the competing entity called "Sierra Distributors, LLC," I find that material facts are in dispute that preclude summary judgment on this issue.

### E. Tortious Interference with Contract Claim

Finally, I address Defendants' assertion is that CP's claim for Tortious Interference with Contract should be dismissed, because it does not specifically make allegations of tortious interference by Defendants Ruth and Henry. CP states in its responses to the motions that it is not asserting a claim for Tortious Interference with Contract against Defendants Ruth and Henry. It appears that this claim, as set forth in the original Complaint, is asserted only as to Defendant Dailey. Therefore, Defendants' request to dismiss this claim is denied.

## IV. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Defendant Kevin J. Henry's Motion to Dismiss, filed April 17, 2006 (docket #7) and Defendant John N. Ruth's Motion to Dismiss, filed April 17, 2006 (docket #8) are **DENIED**.

Dated:  December 15, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge