THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00540-WYD-BNB

COLLEGE PHARMACY, INC.,

        Plaintiff,

v.

JOHN N. RUTH,
KEVIN J. HENRY,
DANIEL DAILEY, and
METRAGEN PHARMACEUTICALS, INC.

        Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

        Plaintiff, College Pharmacy, Inc. ("Plaintiff"), having appeared before the Court by motion and having shown good cause for the entry of a protective order, IT IS ORDERED:

        1.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

        2.     "Confidential Information" as used in this Order shall include all documents and information concerning the confidential business, financial or proprietary information of the parties.  The parties may designate documents produced in this action as "confidential Information" by marking the first page of each document so designated "Confidential" or

1

"Confidential Subject to Protective Order."  In lieu of marking the original of a document, if the original is not produced, the parties may mark the copies that are produced or exchanged.

3.      The parties shall not use any Confidential Information for any purpose other than the preparation and trial of this case.  The parties shall not disclose Confidential Information to anyone except those listed in paragraphs 4(a) through 4(h).

4.      Documents designated as containing Confidential Information shall not, without the consent of the party producing it or further order of this Court, be disclosed except that such documents may be disclosed to:

(a)      attorneys actively working on this case;

(b)      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)      the parties to this action, unless the Confidential Information is designated, in addition as that set forth in Paragraph 2 above, as "Proprietary and Trade Secret Information," in which case said Confidential Information shall be for attorneys of record and their support staff only, except under circumstances where the parties' counsel agree to redact identifying information from the Confidential Information.

(d)      expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)      the Court and its employees ("Court Personnel");

2

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)     deponents, witnesses, or potential witnesses; and

(h)     other persons by written agreement of the parties.

5.      Prior to disclosing any documents containing Confidential Information to any expert witness or consultant, counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6.      Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as containing Confidential Information and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7.      Any information designated by a party as Confidential must first be reviewed by a lawyer and that the designation as confidential must be "based on a good faith belief that [the information] is confidential or otherwise entitled to protection" under Fed. R. Civ. P. 26(c)(7).

8.      If a party objects to the designation of certain information as Confidential Information, that party shall promptly identify the contested information and inform the other

3

party's counsel in writing of the specific grounds of objection to the designation.  All counsel

shall then, in good faith and on an informal basis, attempt to resolve such dispute.  If after such

good faith attempt, all counsel are unable to resolve their dispute, the party designating the

information as Confidential may file an appropriate motion requesting that the Court determine

whether the disputed information should be subject to the terms of this Protective Order.  Any

such motion shall be filed within ten (10) business days of receipt by counsel of notice of the

objection to the designation, and the information shall continue to have Confidential Information

status from the time it is produced until the ruling by the Court on the motion.  If the party that

has designated the disputed information as Confidential fails to file such a motion within the

prescribed time, the disputed information shall lose its designation as Confidential Information

and shall thereafter not be treated as Confidential Information in accordance with this Protective

Order.  In connection with a motion filed under this provision, the party designating the

information as Confidential shall bear the burden of establishing that good cause exists for the

disputed information to be treated as Confidential Information.

9.      In the event Confidential Information is used in any court filing or proceeding in

this action, including but not limited to its use at trial, it shall not lose its confidential status as

between the parties through such use.  The party seeking to file materials under seal shall do so

as required by D.C.COLO.LCivR 7.2 and 7.3.

10.     At the conclusion of this litigation and any appeals associated therewith, all

documents containing Confidential Information provided in discovery, including any copies,

extracts, or summaries thereof that have been prepared by counsel or experts, and the portions of

all transcripts of depositions and testimony that contain specific discussion of Confidential

4

Information, shall be returned to the producing or disclosing party or be destroyed.  No copies shall be retained by the receiving party, his, her or its counsel or expert witnesses.

11.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

12.     Nothing in this Order shall affect Plaintiff's right to make any legitimate use of its own business records, including personnel records.

13.     Nothing in this Order shall restrict the right of any party to move the Court for additional protection for Confidential Information or for the protection of additional categories of documents, materials or information.

14.     Nothing in this Order is intended, nor shall it be construed, as either a waiver or an admission that any documents or information are admissible or contain either confidential, proprietary business information or trade secrets.  This Order is simply a procedural framework to facilitate the discovery process and/or provide protections concerning documents and information exchanged between and among the parties and non-parties in this case.  No part of this Order shall be used in this action or any other action as evidence that any party has either waived or admitted to any claims solely by virtue of the act of designating documents or information as confidential, personal or proprietary business information, and/or trade secrets.

15.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated February 5, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

APPROVED AS TO FORM:


SHERMAN & HOWARD L.L.C.          LITTLER MENDELSON, P.C.


/s/ N. Dawn Webber                        /s/ Joshua B. Kirkpatrick
Raymond M. Deeny, Esq.                Joshua B. Kirkpatrick, Esq.
N. Dawn Webber, Esq.                    1200 17th Street, Suite 1000
Edward J. Butler, Esq.                     Denver, CO  80202-5835
90 South Cascade, Suite 1500         jkirkpatrick@littler.com
Colorado Springs, CO  80903         303-362-2877
rdeeny@sah.com; dwebber@sah.com
ebutler@sah.com                            Attorneys for Defendants Daniel Dailey and
719-475-2440                               MetraGen Pharmaceuticals, Inc.

Attorneys for Plaintiff