IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00540-WYD-BNB

COLLEGE PHARMACY, INC.,

    Plaintiff(s),

v.

JOHN N. RUTH;
KEVIN J. HENRY;
DANIEL DAILEY; and
METRAGEN PHARMACEUTICALS, INC.,

    Defendants.

**ORDER**

THIS MATTER is before the Court on Defendant Daniel Dailey's Motion to Dismiss for Lack of Personal Jurisdiction, filed June 16, 2006 (docket #27) (the "motion").

I.    BACKGROUND

Defendant Daniel Dailey ("Dailey"), a resident of Florida, seeks dismissal for lack of personal jurisdiction of a claim filed against him by College Pharmacy, Inc. ("College Pharmacy"), a Colorado-based corporation, alleging tortious interference with contract.  According to the complaint, Dailey, as the silent owner of the Florida-based corporation MetraGen Pharmaceutical, Inc. ("MetraGen"), knowingly employed former College Pharmacy employees, John N. Ruth ("Ruth") and Kevin J. Henry ("Henry"), with the intent to have them disclose trade secret information and breach their agreement

with College Pharmacy . *Compl.* ¶¶ 13, 48-50. Both Ruth and Henry worked for College Pharmacy as high-ranking managers in sales and marketing. *Id.* ¶ 9. Ruth was employed by Collect Pharmacy from approximately May 17, 2004 through March 2, 2006, and Henry was employed by College Pharmacy from approximately September 2, 2003 through March 13, 2006. *Id.* ¶ 9. The complaint alleges that Ruth and Henry gained access to confidential and proprietary information, including technical data and trade secrets, and that Ruth and Henry disclosed this information to Dailey and MetraGen. *Id.* ¶ 16, 23, 24, 40. As a result of Dailey's alleged tortious conduct, College Pharmacy asserts that it sustained damages from a loss of customers and a loss of monthly profits. *Id.* ¶ 51; Plaintiff's Response Motion at p. 9.

## II.   MOTION TO DISMISS

### A.   Legal Standard

In determining whether personal jurisdiction exists, this Court's jurisdiction is coextensive with that of a Colorado state court. *Taylor v. Phelan*, 912 F.2d 429 (10th Cir. 1990), cert. denied, 498 U.S. 1068 (1991); *Ruggieri v. General Well Serv., Inc.*, 535 F.Supp. 525, 534 (D.Colo. 1982). That is, in considering a motion to dismiss based on an absence of personal jurisdiction, this Court essentially assumes the posture of a Colorado state court.

The plaintiff bears the burden to allege in the complaint sufficient facts to support a reasonable inference that *in personam* jurisdiction exists. *See Texair Flyers, Inc. v. District Court*, 506 P.2d 367, 369 (Colo. 1973). However, to satisfy this burden, plaintiff need only make a *prima facie* case of personal jurisdiction. *See GCI 1985-1*

*Ltd. v. Murray Properties Partnership*, 770 F.Supp. 585, 587 (D.Colo. 1991).  To this effect, "[t]he allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *GCI*, 770 F.Supp. at 587 (citations omitted).  If affidavits are presented by both parties, and those affidavits conflict, then "all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* To sufficiently establish a *prima facie* showing of personal jurisdiction, the plaintiff must satisfy the two-prong test for personal jurisdiction by showing that the Colorado long-arm statute reaches the defendant and that jurisdiction would not be contrary to due process. *Id.*

This two-prong test requires the Court to first determine whether the exercise of jurisdiction is sanctioned by the Colorado long-arm statute, which is a question of state law. *Taylor*, 912 F.2d at 431-23.  Second, the Court must determine whether the exercise of jurisdiction comports with the Due Process Clause of the United States Constitution.  *Wenz v. Memery Crystal*, 55 F.3d 1503 (10th Cir. 1995).  "Federal law, not state law, guides the due process analysis." *National Business Brokers, Ltd. v. Jim Williamson Productions, Inc.*, 115 F. Supp. 1250, 1253 (D. Colo. 2000).

Under the second step of this analysis, the Court must determine whether an exercise of personal jurisdiction over the defendant comports with constitutional due process requirements.  "'[D]ue process requires only that ... [the defendant] have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Trierweiler v.*

*Croxton & Trench Holding Corp.*, 90 F.2d 1523, 1532 (10th Cir. 1996) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The "minimum contacts" standard can be met by showing the existence of either specific jurisdiction or general jurisdiction. *Id.* at 1532. Specific jurisdiction exists over a nonresident defendant "'if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities.'" *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090- 91 (10th Cir. 1998) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (internal quotation marks omitted)). General jurisdiction exists over a nonresident defendant where it is sufficiently shown "that a defendant has continuous and systematic general business contacts with the forum state." *Id.* at 1090 (quotation and internal quotation marks omitted).

Furthermore, sufficient minimum contacts exist to merit personal jurisdiction over a defendant when the defendant's "conduct in connection with the forum State [is] such that [he] should reasonably anticipate being haled into court there." *Leney v. Plum Grove Bank*, 670 F.2d 878, 880 (10th Cir. 1982) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). The "reasonable anticipation" requirement of *World-Wide Volkswagen* is satisfied if the defendant has engaged in "some act by which [it] purposefully avails itself of the privilege of conducting activities with the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citation omitted).

B.  Analysis

In his motion to dismiss, Defendant Dailey argues that Colorado's long-arm statute does not reach him because he has never been to Colorado and because no tortious conduct is alleged to have occurred in Colorado.  Further, Dailey argues that Colorado does not have specific or general jurisdiction over him, and that the exercise of personal jurisdiction over him would not meet the due process requirements of the Fourteenth Amendment.  In support of his motion to dismiss, Dailey submitted an affidavit in which he states that he has never been to Colorado, has never transacted business within the State of Colorado, and that he is not the employer of either Ruth or Henry and does not maintain an office or control any agents within Colorado.

In response, Plaintiff College Pharmacy maintains that personal jurisdiction is proper over Dailey because Colorado's long-arm statute applies to Dailey's tortious conduct in Florida and because sufficient minimum contacts exist between Dailey and Colorado to support a finding of specific jurisdiction.  In connection with its response, College Pharmacy submitted several documents to illustrate the relationship between Dailey and MetraGen, the relationship between Dailey and College Pharmacy employees Ruth and Henry, the existence of an employment agreement between MetraGen and Ruth and Henry, and Dailey's contacts with Colorado.  These documents include an affidavit from current College Pharmacy employee Rachel Christopher stating that Ruth's "contacts" computer file at College Pharmacy contained telephone numbers linked to Dailey and Metragen, and that Ruth informed her in March, 2006, that he was going into business with Dailey.  Plaintiff also submitted an

affidavit from a computer forensic analyst who performed forensic tests on the computers used by Ruth and Henry at College Pharmacy and recovered e-mails between Ruth and Dailey and Henry and Dailey discussing a prospective business relationship between Ruth, Henry, Dailey and Metragen.  The computer forensic analysis also recovered a document entitled "Employment Agreement Contract," between Metragen and Ruth.

In addition, Plaintiff submitted supplemental authority on February 8, 2007, which included excerpts from a Rule 30(b)(6) deposition duces tecum of Defendant Metragen.  The Rule 30(b)(6) deponent was Henry Wynn, current president and chief executive officer of MetraGen.  Mr. Wynn testified that Dailey, without actual authority from Metragen, negotiated employment agreements with Ruth and Henry on behalf of Metragen, and entered a Commercial Lease on behalf of Metragen with Go Real Estate Action Team concerning property located in Colorado Springs, Colorado.  Plaintiff also submitted a copy of the Commercial Lease agreement, signed by Dailey as "President & CEO" of Metragen Pharmaceuticals, Inc., and dated February 27, 2006.

Section (1)(b) of Colorado's "long-arm" statute, C.R.S. § 13-1-124, allows a Court to exercise jurisdiction when the cause of action arises from the commission of a tortious act within Colorado.  The Colorado Supreme Court has held that the tortious act need not be committed in Colorado, but rather a tortious act sufficiently satisfies this provision when conduct initiated in another state causes injury in Colorado. *Classic Auto Sales, Inc.* v. *Schocket*, 832 P.2d 233, 235-36 (Colo. 1992) (tortious misrepresentations of the defendant, made in the defendant's home state of Nebraska,

were sufficient to subject the defendant to personal jurisdiction in Colorado because the resulting injury was felt in Colorado); *see also Wenz*, 55 F.3d at 1507.

As discussed above, when parties present conflicting affidavits in concerning the existence of personal jurisdiction over a defendant, "all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *GCI*, 770 F.Supp. at 587.  Here, Plaintiff has presented evidence that Dailey is associated with Metragen, that Dailey communicated with Ruth and Henry via telephone and e-mail on behalf of Metragen, and that Dailey hired Ruth and Henry to work for Metragen, all while Ruth and Henry were employed by College Pharmacy in Colorado.  It is clear that the communications between Ruth, Henry, and Dailey that form the basis for Dailey's alleged tortious interference with contract were specifically directed into Colorado in the form of telephone conversations and e-mails. This evidence is sufficient to bring Dailey within the scope of Colorado's long arm statute.  Even if Dailey was in Florida when his alleged communications with Ruth and Henry occurred, the resulting injury to College Pharmacy is alleged to have occurred in Colorado.  *Classic Auto*, 832 P.2d at 235-36.

With regard to second prong of the personal jurisdiction analysis, Dailey argues that an assertion of jurisdiction over him would be in violation of the Due Process Clause of the Fourteenth Amendment because he has never been to nor conducted any business in Colorado.  Due process requires a finding of sufficient minimum contacts between Dailey and the State of Colorado.  Here, Plaintiff has provided ample evidence of Dailey's contacts with Colorado, including his communications with Ruth

and Henry, and the business lease he entered on behalf of Metragen for properly located in Colorado Springs. According to affidavits submitted by Plaintiff, Dailey communicated with Ruth and Henry, residents of Colorado, for the purpose of establishing a business relationship with them, all while Ruth and Henry were employed by College Pharmacy, a rival company located in Colorado. Dailey's contacts with Colorado are sufficient to support a finding of specific jurisdiction in this case because Dailey's purposefully directed communications to Colorado residents Ruth and Henry and because this litigation stems from those communications. Moreover, I find that the exercise of personal jurisdiction over Dailey does not offend traditional notions of fair play and substantial justice.

III.     CONCLUSION

For the reasons set forth herein, the Motion to Dismiss for Lack of Personal Jurisdiction filed June 16, 2006 (docket #27) is **DENIED**.

Dated:  March 2, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge