IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00540-WYD-BNB

COLLEGE PHARMACY, INC.,

Plaintiff,

v.

JOHN N. RUTH,
KEVIN J. HENRY,
DANIEL DAILEY, and
METRAGEN PHARMACEUTICALS, INC.,

Defendants.
_____

**ORDER**
_____

Plaintiff and defendants Ruth; Henry; and Renaissance Compounding Pharmacy, LLC, appeared this morning for a status conference pursuant to my minute order [Doc. # 148, filed 6/4/2007]. Defendants Dailey and Metragen Pharmaceuticals, Inc. ("Metragen"), did not appear. The purpose of the status conference was to set a discovery schedule. At the request of the parties, the following schedule was established for the conduct of discovery in anticipation of the hearing on the plaintiff's motion for preliminary injunction:

    **Discovery Cut-Off:**         **September 18, 2007**

    (All written discovery must be served so that responses are due on
    or before the discovery cut-off.)

**Expert Disclosures:**

**(a)**  The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **August 1, 2007**

**(b)**  The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **August 27, 2007**

Also pending is **Defendant Metrogen Pharmaceuticals, Inc.'s Emergency Motion for Enlargement of Time to Obtain Successor Counsel** [Doc. # 115, filed 5/8/2007] (the "Motion for Extension").  The Motion for Extension is filed on behalf of MetraGen, a corporation.  It is signed by "Henry B. Wynn, pro se, amicus curiae."  A corporation must be represented by a lawyer who is a member of the bar of this court, however, and cannot proceed pro se or through a corporate officer or other representative not a lawyer.  Flora Const. Co. v. Fireman's Fund Ins. Co., 307 F.2d 413, 413-14 (10th Cir. 1962)("The rule is well established that a corporation can appear in a court of record only by an attorney at law); Reeves v. Queen City Transportation, Inc., 10 F. Supp. 2d 1181, 1188 (D. Colo. 1998)("It has been the law, for the better part of two centuries, that a corporation may appear in federal court only through a licensed attorney").  MetraGen cannot proceed pro se, nor may Mr. Wynn, who is not a lawyer authorized to practice in this court, represent it.

In addition, the Motion for Extension seeks a 30 day extension of time for MetraGen to retain successor counsel.  More than 30 days have elapsed since the motion was filed, and no substitute counsel has entered its appearance.  Consequently, I find that the Motion for Extension was interposed for the improper purpose of delay.

The Motion for Extension is therefore STRICKEN.

SO ORDERED.

Dated June 15, 2007.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge